## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| TEMARA HONORE, MELLANE MOTTLEY, | ) | |
| BRENDA LAFORCE, SADE SOUTHWELL, | ) | |
| ALICIA SUPERSAUDE, SHARON HENRY, | ) | |
| SONIA STRAUN, JANICE DANIEL, | ) | |
| MARIAM SARGUSINGH, KERMISHA | ) | |
| SARGUSINGH, DELORES BESS, and | ) | |
| CHAVORN CAMACHO, | ) | Civil Action No. 2016-0055 |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE a/k/a USDA, RURAL | ) | |
| DEVELOPMENT f/k/a FARMERS HOME | ) | |
| ADMINSITRATION, VIRGIN ISLANDS | ) | |
| HOUSING FINANCE AUTHORITY, EARLE | ) | |
| G. ROBINSON, and SANTA CRUZ | ) | |
| CONSTRUCTION, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**Attorneys:**
**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
        *For Plaintiffs*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
        *For Defendant United States Department of Agriculture*

**Flavia E Logie, Esq.,**
St. Croix, U.S.V.I.
        *For Defendant Virgin Islands*
        *Housing Finance Authority*

**Yohana M. Manning, Esq.,**
St. Croix, U.S.V.I.
        *For Defendants Earle G. Robinson*
        *and Santa Cruz Construction*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendants Earle Robinson ("Robinson") and Santa Cruz Construction's ("Santa Cruz") "Omnibus Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" ("Robinson/Santa Cruz Motion to Dismiss") (Dkt. No. 10); Defendant United States Department of Agriculture's ("USDA") "Motion to Dismiss Complaint for Lack of Jurisdiction and Failure to State Claims for which Relief May Be Granted" ("USDA Motion to Dismiss") (Dkt. No. 16); Plaintiffs' "Motion for Extension of Time to Comply with the Court's Order Entered June 4, 2018" (Dkt. No. 27); Plaintiffs' "Second Motion for Extension of Time to Comply with the Court's Order Entered June 4, 2018" (Dkt. No. 28); Defendants Robinson and Santa Cruz's "Opposition to Plaintiffs' Motions for Extension of Time to Comply with the Court's Order Entered June 4, 2018 and Motion to Dismiss for Failure to Prosecute" (Dkt. No. 29); and Plaintiffs' "Motion for Leave to Amend Complaint" ("Motion to Amend") (Dkt. No. 30). For the reasons that follow, the Court will grant both of Plaintiffs' Motions for Extensions of Time, *nunc pro tunc*, and Plaintiffs' Motion to Amend the Complaint. Further, in light of the Court's grant of leave for Plaintiffs to amend their Complaint, the Court will deny as moot the Robinson/Santa Cruz Motion to Dismiss as well as the USDA Motion to Dismiss. The Court will also deny Defendants Robinson and Santa Cruz's Motion to Dismiss for Failure to Prosecute.

## I.      BACKGROUND

A brief description of the filing history in this case is necessary to place the issues in context. Plaintiffs filed their original Complaint on August 5, 2016 (Dkt. No. 1), seeking money damages for alleged misrepresentation, breach of express and implied contracts and warranties, and fraud. (Dkt. No. 1 at ¶¶ 36-50). Specifically, Plaintiffs allege that Defendants caused Plaintiffs

2

to take out loans to purchase, and build homes on, certain properties on St. Croix without disclosing defects on said properties. *Id*. at ¶¶ 17-24. Plaintiffs further allege that Defendants failed to properly prevent and repair the resulting structural damage to the homes. *Id*. at ¶¶ 25-35.

In lieu of an answer, Defendants Robinson and Santa Cruz filed a Motion to Dismiss on September 14, 2016 (Dkt. No. 10), and Defendant USDA filed a Motion to Dismiss on January 31, 2017 (Dkt. No. 16)—both pursuant to Rules 12(b)(1) and (12)(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiffs did not timely respond to these motions. Instead, after the Court granted them leave to respond and file an amended complaint on March 23, 2018 and June 4, 2018 (Dkt. Nos. 23 and 24), Plaintiffs requested additional time to submit these filings on July 5, 2018 and July 13, 2018. (Dkt. Nos. 27 and 28). Plaintiffs stated that the additional time was necessary because Plaintiffs' counsel was awaiting information from all twelve Plaintiffs in order to amend the Complaint. (Dkt. No. 28 at 2). In response, on July 16, 2018, Defendants Robinson and Santa Cruz filed their Opposition to Plaintiffs' Motions for Extension of Time and Motion to Dismiss for Failure to Prosecute. (Dkt. No. 29). On July 23, 2018, Plaintiffs filed their Motion to Amend the Complaint (Dkt. No. 30), with the Amended Complaint and a redlined version of that document as exhibits. (Dkt. Nos. 30-1 and 30-2).

## II.     MOTION TO DISMISS FOR FAILURE TO PROSECUTE

In their Motion to Dismiss for Failure to Prosecute (Dkt. No. 29 at 3-5), Defendants Robinson and Santa Cruz argue that this case should be dismissed pursuant to Fed. R. Civ. P. 41(b). Defendants contend that "Plaintiffs have been given every opportunity to advance their case, but for two years have failed to do so." (Dkt. No. 29 at 1). According to Defendants Robinson and

---

[1] Only Defendant Virgin Islands Housing Finance Authority ("VIHFA") filed an Answer, which was submitted on October 5, 2016. (Dkt. No. 11).

3

Santa Cruz, Plaintiffs' "history of dilatoriness in this case;" the prejudice to Defendants as a result of the "potential for loss of evidence and failing memories" of witnesses; Plaintiffs' "willful" failure to abide by Court deadlines; and the "lack [of] merit" of Plaintiffs' claims, all weigh in favor of dismissal. (Dkt. No. 29 at 4-5). For the reasons set forth below, the Court will deny Defendants Robinson and Santa Cruz's Motion to Dismiss for failure to prosecute.

### A.    Applicable Legal Principles

Pursuant to the Federal Rules, "a defendant may move to dismiss [the] action or any claim against it" based on the plaintiff's failure to prosecute, comply with the Federal Rules, or comply with any court orders. Fed. R. Civ. P. 41(b). Generally, before a court may dismiss a case for failure to prosecute, it must first consider the factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868-69 (3d Cir. 1984). Those factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *See id.* No one factor is dispositive in the balancing analysis. *DDRA Capital, Inc. v. KPMG, LLP*, 2018 WL 813430, at \*2 (D.V.I. Feb. 9, 2018) (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)). District courts are required "to consider these factors because dismissal with prejudice is, undeniably, a drastic sanction." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013). Ultimately, it is within the district court's discretion to invoke dismissal pursuant to Rule 41(b). *Thomas v. Bonnano*, 2014 WL 642446, at \*1 (D.V.I. Feb. 19, 2014).

### B.    Analysis

With respect to the first *Poulis* factor—extent of Plaintiffs' personal responsibility—courts

look to whether the parties themselves are personally responsible for the failures. *Adams v. Trs. of N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). However, "this factor is not conclusive because a client cannot always avoid the consequences of the acts or omissions of its counsel." *DDRA Capital, Inc. v. KPMG, LLP*, 2018 WL 813430, at *2 (D.V.I. Feb. 9, 2018) (internal citation and quotation marks omitted).

Here, there is no indication that Plaintiffs themselves bear personal responsibility for their counsel's inability to meet deadlines and comply with the Court's orders. While there is some indication in Plaintiffs' July 5, 2018 and July 13, 2018 filings that Plaintiffs' counsel was awaiting additional information from Plaintiffs in order to amend the complaint (Dkt. No. 28 at 1- 2), one cannot conclude from this that Plaintiffs themselves bear personal responsibility for these particular delays or for the general inability to meet deadlines and comply with the Court's orders. Accordingly, the Court finds that the first *Poulis* factor is non-determinative.

Next, the Court considers the second *Poulis* factor—prejudice to the adversary. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 875 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Defendants argue that Plaintiffs' conduct has effectively "stall[ed] this litigation" for almost two years. (Dkt. No. 29 at 1 and 4). As a result, according to Defendants, "the potential for loss of evidence and failing memories is clearly problematic and prejudicial to Defendants." (Dkt. No. 29 at 4). The Court finds, however, that the almost two-year delay attributed to Plaintiffs which Defendants argue resulted in the "*potential*" for lost evidence and failing memories is, by itself, insufficient to suggest that there has been an "irretrievable" loss of evidence or an "inevitable" dimming of witness memories so as to result in prejudice to Defendants. *See Adams*, 29 F.3d at

875; *cf. Herrman v. Allstate Ins. Co.*, 450 F. Supp. 2d 537, 542-43 (E.D. Pa. 2006) (finding that because the underlying events occurred eleven and nine years before, the court can thus "reasonably infer that a delay of the present magnitude has inevitably caused memories to fade") (internal citation and quotation marks omitted).

As to whether burdens or costs were imposed on the opposing party, "[d]efendants need merely demonstrate the 'extra costs of repeated delays and filing of motions necessitated by the improper behavior on the part of plaintiffs.'" *Mendez v. Puerto Rican Int'l Companies, Inc.*, 2013 WL 5460438, at *5 (D.V.I. Sept. 27, 2013) (quoting *Andrews v. Gov't of Virgin Islands*, 132 F.R.D. 405, 412 (D.V.I. 1990), *aff'd*, 935 F.2d 1280 (3d Cir. 1991)). Defendants have not identified such extra costs and the record here shows that Defendants Robinson and Santa Cruz filed only an Opposition to Plaintiffs' Second Motion for Extension of Time and Motion to Dismiss for Failure to Prosecute (Dkt. No. 29). Thus, the burden and costs incurred by Defendants Robinson and Santa Cruz as a result of Plaintiffs' delayed filings appear to have been minimal.

In view of the foregoing, the Court finds that the second *Poulis* factor— prejudice to the Defendant—weighs against dismissal.

The third *Poulis* factor requires the Court to consider whether there has been a history of dilatoriness on Plaintiffs' part. "The conduct for which dismissal is sought 'must be evaluated in light of [a party's] behavior over the life of the case.'" *DDRA Capital*, 2018 WL 813430 at *3 (quoting *Adams*, 29 F.3d at 875).

Here, on March 2, 2017, Plaintiffs filed a "Motion to File 'Plaintiffs' Response to Omnibus Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)' Out of Time." (Dkt. No. 22). The Court provided Plaintiffs with an opportunity to submit their response by April 6, 2018. (Dkt. No. 23). When that deadline passed with no such submission from Plaintiffs, the Court ordered

that Plaintiffs had up to and including June 11, 2018 to show cause as to why this matter should not be dismissed for failure to prosecute. (Dkt. No. 25). June 11, 2018 passed without any such submission from Plaintiffs.

On February 23, 2017, Plaintiffs filed a "Response to Defendant United States Department of Agriculture's Motion to Dismiss Complaint for Lack of Jurisdiction and for Failure to State a Claim Upon Which Relief May be Granted." (Dkt. No. 19). Embedded in this Response was a request that the Court defer ruling on USDA's Motion to Dismiss for 30 days to allow Plaintiffs to seek leave to amend the Complaint. (Dkt. No. 19 at 1). Although the Court accepted this Response on March 23, 2018, Plaintiffs did not seek leave to file an amended Complaint. (Dkt. No. 23).

On June 4, 2018, the Court ordered that Plaintiffs had up to and including July 5, 2018, to seek leave to amend the Complaint. (Dkt. No. 24). Then, on July 5, 2018, Plaintiffs filed a "Motion for Extension of Time to Comply with the Court's Order Entered June 4, 2018." (Dkt. No. 27). In this Motion, Plaintiffs explained that their counsel did "not notice or see" the Order that set the deadline of June 11, 2018 to show cause why the instant case should not be dismissed and requested an extension until July 12, 2018 to file the Amended Complaint. (Dkt. No. 27). On July 13, 2018, Plaintiffs requested additional time to file the Amended Complaint, and ultimately filed the Motion to Amend on July 23, 2018 with the Amended Complaint as an exhibit. (Dkt. Nos. 28 and 30-1).

This record reflects that Plaintiffs have had a history of dilatoriness in this case by missing several court deadlines. The Third Circuit noted in *Poulis* that, "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by counsel

of ignoring these time limits is intolerable." 747 F.2d at 868. Accordingly, the Court finds that the third *Poulis* factor weighs in favor of dismissal.

As for the fourth *Poulis* factor—whether the conduct of Plaintiffs or their counsel was willful or the result of bad faith—the Court finds that there is no indication that Plaintiffs' failure to comply with the deadlines set forth in the Local Rules of Civil Procedure and the Court's orders was willful or in bad faith. While Plaintiffs have exhibited delay in prosecuting this action by their failure to timely respond to Defendants' motions to dismiss and their failure to meet deadlines, Defendants point to nothing in the record that suggests that such delay was one borne out of "willful . . . obstinacy" in order to thwart the Court's authority over this case or impede the litigation to gain some tactical advantage over Defendants. *Cf. DDRA Capital, Inc.*, 2018 WL 813430 at *3. Accordingly, the Court finds that the fourth *Poulis* factor weighs against dismissal.

With respect to the fifth *Poulis* factor—the effectiveness of alternative sanctions—"[a] District Court must consider the availability of sanctions alternative to dismissal." *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008). The Third Circuit has identified a number of alternative sanctions available to a court, including "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees . . . [or] the preclusion of claims or defenses . . . ." *Titus v. Mercedes–Benz of North America,* 695 F.2d 746, 759 n.6 (3d Cir. 1982) (citing *Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 n. 1 (1st Cir. 1977)). After evaluating these possible alternative sanctions and in view of other factors weighing against dismissal, the Court concludes that a warning to Plaintiffs and their counsel is, at this point, a sufficient sanction. Because the Court finds that there are alternative means to address Plaintiffs' dilatoriness, and that dismissal is too "drastic" a remedy under the circumstances, *see Herman*, 450 F. Supp. 2d at 542, the fifth *Poulis* factor weighs against dismissal.

8

The sixth and final *Poulis* factor is the meritoriousness of Plaintiffs' claims. Under *Poulis*, a district court assesses the merits of a claim under the same standard as a Rule 12(b)(6) motion to dismiss. *See Briscoe*, 538 F.3d at 263; *see also Poulis*, 747 F.2d at 869-70 ("A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."). In view of the fact that Plaintiffs have filed their Motion to Amend the Complaint in order to address alleged deficiencies identified in Defendants' motions to dismiss, the Court will not prematurely opine on the merits of Plaintiffs' claims. Thus, the Court finds that this factor is neutral and does not weigh in favor or against dismissal.

The Third Circuit has stated that in weighing the *Poulis* factors, the established presumption is that "doubts should be resolved in favor of reaching a decision on the merits." *Scarborough*, 747 F.2d at 878. While it is clear from the record that there has been a history of dilatoriness on the part of Plaintiffs, this factor is outweighed by other considerations, as discussed above. Accordingly, the Court concludes that dismissal for failure to prosecute is not warranted here.

### III.     MOTION TO AMEND THE COMPLAINT

Plaintiffs seek leave to amend the complaint in order, *inter alia*, to address the subject matter jurisdictional challenge raised by Defendants Robinson/Santa Cruz and USDA in their motions to dismiss. *See* Dkt. No. 10 at 4-5; Dkt. No. 17 at 1.[2] For the reasons discussed below, the Court will grant Plaintiffs' Motion to amend their complaint.[3] In so doing, it will require Plaintiffs to formally

---

[2] Defendants Robinson/Santa Cruz and USDA argue that Plaintiffs' claims must be dismissed because Plaintiffs have failed to cite any federal statute that authorizes this Court to exercise subject matter jurisdiction. (Dkt. No. 10 at 4; Dkt. No. 17 at 2).

[3] In view of the findings herein, the Court will also grant Plaintiffs' Motions for Extension of Time.

file their Amended Complaint as a separate docket entry so as to clarify the record.

### A.      Applicable Legal Principles

Pursuant to Fed. R. Civ. P. 15(a), courts should "freely" give leave to amend complaints when justice requires. *In re Burlington Coat Factory,* 114 F.3d 1410, 1434 (3d Cir. 1997). Leave to amend should be "'freely given,'" because "[a]llowing amendments to correct errors in existing pleadings furthers the objectives of the federal rules that cases should be determined on their merits." *Ali v. Intertek Testing Servs. Caleb Brett,* 332 F. Supp. 2d 827, 829 (D.V.I. 2004) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990)). Indeed, a motion to amend should be denied only when there exists evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis,* 371 U.S. 178, 182 (1962). A motion to amend a complaint is "addressed to the sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 272 (3d Cir. 2001).

When a proposed amendment concerns subject matter jurisdiction, "a more detailed inquiry is required." *Multicultural Radio Broad., Inc. v. Korean Radio Broad., Inc.*, 2017 WL 436250, at *4-5 (D.N.J. Jan. 31, 2017). Title 28 U.S.C. § 1653 permits plaintiffs to amend their complaints in order to cure defective allegations of jurisdiction, or "technical error[s] in jurisdictional pleading." 3 Moore's Federal Practice § 15.14 (2015) (Matthew Bender 3d ed.); *Scattergood v. Perelman*, 945 F.2d 618, 627 (3d Cir. 1991) ("[S]ection 1653 . . . 'permits amendments broadly so as to avoid dismissal of diversity suits on technical grounds.'") (quoting *Kiser v. General Electric Corp.*, 831 F.2d 423, 427 (3d Cir. 1987)). Thus, "a plaintiff who has either omitted or incorrectly stated allegations supporting his or her assertion of subject matter jurisdiction may be permitted to amend

the complaint in order to demonstrate that such jurisdiction exists." *Multicultural Radio Broad.,* 2017 WL 436250 at \*4-5. However, section 1653 only "gives . . . district and appellate courts the power to remedy inadequate jurisdictional allegations . . . not defective jurisdictional facts." *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (citation omitted); *Newman-Green, Inc. v. Alfonzo Larrain*, 490 U.S. 826, 831-32 (1989). In other words, Section 1653 does not "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before." *Newman-Green, Inc.*, 490 U.S. at 831.[4]

## B.    Analysis

The Court concludes that leave to amend the Complaint should be granted under the circumstances here. First, the Court finds no evidence of undue prejudice. A defendant "must do more than merely claim prejudice; '[he] must show that [he] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which [he] would have offered had the . . . amendments been timely.'" *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing,* 663 F.2d 419, 426 (3d Cir. 1981)). There is no such showing here.

Second, there is no evidence here of undue delay. In *Estate of Oliva v. New Jersey,* 604 F.3d 788, 803 (3d Cir. 2010), the Third Circuit affirmed the trial court's denial of the plaintiff's motion to amend on the basis of undue delay where the plaintiff sought to add a new claim when the case was already in the summary judgment stage and after the case had been pending for more than seven years. The case here does not present such undue delay. Further, while there is evidence

---

[4] In that regard, section 1653 does not authorize the addition of a new plaintiff, *Field v. Volkswagenwerk AG*, 626 F.2d 293, 306 (3d Cir. 1980), or a new federal cause of action, *Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983); *Saxon Fibers, LLC v. Wood*, 118 Fed. App'x. 750, 752 (4th Cir. 2005); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504 (5th Cir. 1985).

of some significant delay in this case resulting from Plaintiffs' missed deadlines, "delay alone is an insufficient ground to deny leave to amend." *Cureton*, 252 F.3d at 273 (citing *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n.*, 573 F.2d 820, 823 (3d Cir. 1978)).

Third, the Court does not find that Plaintiffs' delay in amending the Complaint or their actual amendments to the Complaint are motivated by bad faith. *See e.g., In re PMTS Liquidating Corp.*, 490 B.R. 174, 182-83 (D. Del. 2013). Plaintiffs' counsel contended that he needed additional time to amend the Complaint because he had to gather additional information from all twelve Plaintiffs. Moreover, Plaintiffs' proposed amendments—as presented in the redlined version of the Amended Complaint (Dkt. No. 30-2)—is limited to stating the basis for subject matter jurisdiction and including additional facts to describe Plaintiffs' claims. (Dkt. No. 30-2 at 2-15). Thus, the Court finds no indication of bad faith on Plaintiffs' part. The Court also notes that this is Plaintiffs' first request for leave to amend their Complaint. Thus, there is no record here of "repeated failures to cure deficiencies" as no other amendments have been sought.

Fourth, "[d]istrict courts generally must allow a plaintiff leave to amend a deficient complaint prior to dismissal unless doing so would be futile . . . ." *Gay v. City of Phila.*, 603 Fed. Appx. 87, 88 (3d Cir. 2015) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). "'Amendment of the complaint is futile if the amendment will not cure the deficiency in the original [pleading] or if the amended [pleading] cannot withstand a renewed motion to dismiss.'" *Citizens Bank of Pa. v. Reimbursement Techs., Inc.*, 609 Fed. Appx. 88, 95 (3d Cir. 2015) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)) (alterations in the original). Because, at this juncture, there is no evidence of futility, the Court will allow Plaintiffs the opportunity to address the jurisdictional deficiency through an amendment to the Complaint. *Benta v. Christie's, Inc.*, 2017 WL 1345218, at *12 (D.V.I. Mar. 17, 2017).

Finally, the proposed amendment is permitted under Section 1653 because it involves only the assertion of the basis for subject matter jurisdiction that was previously omitted in the original Complaint. *Multicultural Radio Broad.,* 2017 WL 436250 at *4-5. Such an amendment is one authorized by Section 1653. *Id*.

In view of the foregoing, the Court will grant Plaintiffs' Motion for Leave to Amend the Complaint.

### IV.     Motion to Dismiss

Both Robinson/Santa Cruz and USDA's Motions to Dismiss were filed when the operative complaint in this matter was the original Complaint filed in August 2016 (Dkt. No. 1). Because the Court has now granted Plaintiffs leave to amend their Complaint, the original Complaint will be superseded by the Amended Complaint and will no longer be the operative Complaint. *See Santiago v. Warminster Twp.,* 629 F.3d 121, 126 (3d Cir. 2010) (earlier iterations of the complaint were non-operative; only the amended complaint was properly before the court). The Court will therefore deny as moot the Robinson/Santa Cruz and USDA Motions to Dismiss which address the original Complaint. *Josse v. United States*, 2013 WL 152170, at *1 n.1 (D.V.I. Jan. 11, 2013) (denying as moot defendant's motion to dismiss first amended complaint after plaintiff filed a second amended complaint).

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Extensions of Time and Motion to Amend Complaint will be granted, and Defendants Robinson and Santa Cruz's Motion to Dismiss for Failure to Prosecute will be denied. Further, in light of the Court's grant of Plaintiffs' Motion to Amend their Complaint, Defendants' Motions to Dismiss will be denied as moot.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 22, 2020                          _____/s/_____
                                              WILMA A. LEWIS
                                              Chief Judge