**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| TEMARA HONORE, MELLANE MOTTLEY, BRENDA LAFORCE, SADE SOUTHWELL, ALICIA SUPERSAUDE, SHARON HENRY, SONIA STRAUN, JANICE DANIEL, MARIAM SARGUSINGH, KERMISHA SARGUSINGH, DOLORES BESS, and CHAVORN CAMACHO, | 1:16-cv-00055-EAH |
| **Plaintiffs,** | |
| v. | |
| VIRGIN ISLANDS HOUSING FINANCE AUTHORITY, EARLE G. ROBINSON, and SANTA CRUZ CONSTRUCTION, | |
| **Defendants.** | |

PARTIES:    **Martial A. Webster, Esq.**
                *On behalf of Plaintiffs*
                **Flavia E. Logie, Esq.**[1]
                **Nycole Thompson, Esq.**
                *On behalf of VI Housing Finance Authority*
                **Atiim Abraham, Esq.**
                *On behalf of Defendants Robinson and Santa Cruz Construction*

<u>**MEMORANDUM OPINION**</u>

**THIS MATTER** comes before the Court on Defendant Virgin Islands Housing Finance

Authority's ("VIHFA") "Motion for Summary Judgment on Counts I, II and III of the First

Amended Complaint," filed in July 2024. Dkt. No. 200. In August 2024, Plaintiffs filed an

---

[1] The Court notes that Attorney Nycole Thompson, on behalf of VIHFA, previously represented to the Court that Attorney Flavia E. Logie was retired and her notice of appearance in this matter would be withdrawn. However, to date, VIHFA has not withdrawn her notice of appearance.

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 2

opposition, and VIHFA subsequently replied. Dkt. Nos. 217, 226. The parties have consented

to the jurisdiction of the undersigned to conduct all proceedings in this matter. Dkt. Nos. 167,

169. For the reasons that follow, the Court will grant VIHFA's motion.

**BACKGROUND**

In April 2020, Plaintiffs filed their operative First Amended Complaint ("FAC"),[2]

asserting that they owned individual plots in Estate St. George and they each applied for

financial assistance to build homes on their respective plots through VIHFA and the United

States Department of Agriculture's ("USDA") Rural Development Program.[3] Dkt. No. 52 at 4-

5. They alleged that USDA and VIHFA recommended and referred Plaintiffs to Defendants

Earle G. Robinson and Santa Cruz Construction to build their homes. *Id.* at 5.  Robinson met

with Plaintiffs at the USDA Rural Development office to discuss construction of their

properties, and Robinson, USDA, and VIHFA represented to each plaintiff that Robinson

would build them a quality home. *Id.* Robinson and Santa Cruz Construction then entered

into construction contracts with each Plaintiff that contained a builder's warranty. *Id.*

Robinson and Santa Cruz Construction failed to build and construct safe and

structurally viable homes for the Plaintiffs, and USDA and VIHFA failed to properly inspect

the homes before paying Robinson for the deficient work. *Id.* at 6. When the homes were

completed, Plaintiffs immediately began to experience structural problems such as the roofs

---

[2] Plaintiffs filed their initial Complaint in this action on August 5, 2016. Dkt. No. 1.

[3] The FAC did not clearly state that Plaintiffs actually received the financial assistance from
VIHFA. However, VIHFA later confirmed that it provided financial assistance to the Plaintiffs.
*See* Dkt. No. 200-1 at 2.

leaking; as time went on, the homes developed major cracks in the structures and the cisterns. *Id.* at 7. Plaintiffs timely reported the housing defects to Robinson, Santa Cruz Construction, and VIHFA under the builder's warranty and attached proof of the same. *Id.*; Dkt. Nos. 52-3, 52-4, 52-5, 52-6. Robinson represented that he would fix the problems and occasionally made insufficient repairs, but he never resolved the problems. Dkt. No. 52 at 7. As a result, some of the Plaintiffs were forced to hire other contractors to make repairs.[4] *Id.* Plaintiffs asserted claims of unlawful misrepresentation against VIHFA and Robinson, breach of express and implied warranties against all Defendants, breach of contract against all Defendants, and fraud against Robinson.[5] *Id.* at 8-9.

Following years of litigation, in September 2022, the District Judge granted the USDA's motion to dismiss for lack of subject matter jurisdiction.[6] Dkt. Nos. 112, 113. In

---

[4] The FAC also alleged that in 2008, other St. George residents sued Robinson and Santa Cruz Construction in Superior Court for faulty construction. Thus, VIHFA knew or should have known of the problems in the soil in Estate St. George that resulted in "severe settling problems and major structural damages to homes built by Defendant Robinson as early as 2008." Dkt. No. 52 at 5-6. However, they failed to disclose to Plaintiffs the risk of building a home in Estate St. George with Robinson as the contractor. *Id.* at 6.

[5] In Count I, Plaintiffs stated that VIHFA and Robinson made material misrepresentations to them. Plaintiffs reasonably relied on the misrepresentations because they "could have chosen other houses or contractors but for Defendants' representations." Dkt. No. 52 at 8. Additionally, VIHFA and Robinson had reason to know that Plaintiffs would rely on the representations and were aware of information that was counter to them, but failed to disclose the information, resulting in injury to the Plaintiffs. In Count II, Plaintiffs claimed that "Defendants are in breach of their expressed and implied warranties to Plaintiffs." *Id.* Finally, in Count III, Plaintiffs simply claimed that "[t]he Defendants breached their contract with Plaintiffs." *Id.* at 9.

[6] In October 2022, Plaintiffs filed an interlocutory appeal as to the dismissal order. Dkt. No. 114. In March 2023, the Third Circuit dismissed the appeal pursuant to Fed. R. App. P. 42(b), which allows for voluntary dismissal. Dkt. No. 116.

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 4

December 2023, the Court held a status conference at which only Attorney Thompson appeared on behalf of Defendant VIHFA. She confirmed at the hearing that other than initial disclosures, the parties had not conducted discovery, despite the December 1, 2023 deadline set forth in the Scheduling Order, Dkt. No. 141, having passed. During a subsequent December 2023 Show Cause Hearing, the other parties also confirmed that they had not conducted any discovery.

In July 2024, VIHFA filed the instant motion for summary judgment and a statement of undisputed material facts.[7] Dkt. Nos. 200, 200-1. In its memorandum, VIHFA first argued with regard to the unlawful misrepresentation claim that the record contained no evidence to support Plaintiffs' assertions in the FAC that VIHFA recommended and referred all Plaintiffs to Robinson and Santa Cruz Construction and represented to each Plaintiff individually that Robinson would build a quality home on their properties. The record also contained no evidence that VIHFA was aware of but failed to disclose information that was counter to these representations. *Id.* at 6. Additionally, Plaintiffs did not indicate which

---

[7] Subsequently, VIHFA filed a notice with the Court to correct several errors in its filings. Dkt. No. 201. First, VIHFA incorrectly recorded the date next to the signature blocks and on the certificate of service for the motion for summary judgment and statement of undisputed material facts as June 5, 2024 instead of July 5, 2024. *Id.* Additionally, VIHFA did not number the pages of the statement of undisputed material facts. *Id.* VIHFA included a corrected statement of material facts and a corrected motion for summary judgment as exhibits to the notice. Dkt. Nos. 201-1, 201-2. While the Court acknowledges the corrections in the notice, the Court will not consider the corrected motion and statement of facts as operative, because VIHFA merely filed them as exhibits to the notice and the Plaintiffs responded only to the initial motion. Dkt. No. 217. Instead of requiring VIHFA to properly refile the corrected motion, the Court determines that the initial motion and statement are sufficient for it to proceed, as there were no substantive differences, and the changes were only technical edits.

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 5

claims applied to the aforementioned allegations. VIHFA noted that it did not sell Plaintiffs

the properties, did not issue the permits authorizing construction of the homes, did not

construct the homes, did not submit certificates of supervision certifying that all applicable

laws were complied with in the construction of Plaintiffs' homes and that the construction

was done in accordance with the Building Permits, and did not issue Certificates of Use or

Occupancy that the homes were safe to inhabit. *Id*. at 7.

Additionally, VIHFA argued that the statute of limitations for a tort claim such as

misrepresentation was two years. Thus, unless a reasonable jury could find that Plaintiffs'

claims against VIHFA did not accrue until August 5, 2014, the statute of limitations would

bar their claims. *Id*. at 5. "Plaintiffs alleged that they (sic) '[o]nce the construction of Plaintiffs'

homes were completed by Defendant Robinson, plaintiffs immediately began to experience

structural problems with their homes.'" *Id*. at 8 (quoting Dkt. No. 52). Additionally, Plaintiffs

had asserted that from the beginning, some of them experienced problems with their roofs

such as leaking, among other issues. *Id*. (citing Dkt. No. 52). Thus, no reasonable jury could

conclude that Plaintiffs did not know "until the year 2016" that VIHFA made

misrepresentations to them, and the statute of limitations would therefore bar the

misrepresentation claim.[8] *Id*.

Regarding Plaintiffs' breach of express warranty claim in Count II, VIHFA argued that

the first element of this claim required demonstrating the existence of a contract. *Id*. at 9.

---

[8] VIHFA did not indicate when Robinson and Santa Cruz Construction completed
construction on each of the Plaintiffs' homes.

Here, Plaintiffs did not allege that they entered into contracts with VIHFA, only that they entered into construction contracts with Robinson and Santa Cruz Construction stating that the Contractor was responsible for all work and including a builder's warranty. *Id*. Additionally, Plaintiffs' initial disclosures did not include any express warranties made by VIHFA. *Id*. at 10. Thus, VIHFA was entitled to summary judgment on Plaintiffs' breach of express warranty claim. *Id*. Regarding Plaintiffs' breach of implied warranty claim in Count II, VIHFA argued that the only possible implied warranty under Virgin Islands law that could apply to this case would be the implied warranty of good workmanship. *Id*. However, the first element of such a claim was the existence of an implied warranty, determined by showing that the defendant "sold repair or construction services to the plaintiff or for the benefit of the plaintiff." *Id*. (citing *Bluewater Constr., Inc. v. Hill*, 76 V.I. 15, 37(V.I. Super. 2022)). VIHFA neither sold repair or construction services to Plaintiffs or for their benefit, and thus, summary judgment was warranted on this claim. *Id*.

Finally, regarding Plaintiffs' breach of contract claim in Count III, they would first need to demonstrate the existence of a contract. *Id*. at 11. However, the FAC made no allegation that Plaintiffs entered into any contracts with VIHFA to construct their homes. Additionally, VIHFA did not issue warranties pertaining to the construction of the homes. Thus, VIHFA was entitled to summary judgment on the breach of contract claim. *Id*.

VIHFA attached as an exhibit to its motion a "Statement of Material Facts About Which the Virgin Islands Housing Finance Authority Contends There Is No Genuine Issue." Dkt. No. 200-1. VIHFA asserted as undisputed facts that (1) Plaintiffs did not purchase the properties

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 7

at issue from VIHFA; (2) VIHFA did not construct Plaintiffs' homes; (3) VIHFA provided financial assistance to Plaintiffs to acquire their homes; (4) Defendant Santa Cruz Construction was owned and operated by Robinson; (5), Robinson and Santa Cruz Construction entered into construction contracts with each Plaintiff which stated that the Contractor was responsible for all work and that included a builder's warranty; (6) the U.S. Virgin Islands Department of Planning and Natural Resources ("DPNR") issued building permits authorizing construction of Plaintiffs' homes; (7) the DPNR issued certificates of Use of Occupancy pertaining to the construction of the homes; (8) Robinson executed Certificates of Supervision certifying that he supervised the building of Plaintiffs homes, their construction complied with all appliable laws including the V.I. Building Code, and all work was completed in compliance with the Building Permits; (9) the local office of the USDA sent each Plaintiff a "Compensation for Construction Defects Letter" informing them of the availability of financial assistance to repair major structural defects in new homes; and (10) the DPNR enforced and regulated local and national building codes and regulations.[9] *Id*.

Plaintiffs, in their opposition, did not address the merits of VIHFA's motion, but argued that the Court should deny it for violating the Local Rules. Dkt. No. 217. They stated that LRCi 56.1(a) required that a party moving for summary judgment file a separate statement of material facts, serially numbering and supporting each paragraph by specific

---

[9] VIHFA attached as exhibits to its statement of undisputed facts a "Certificate of Use" from the DPNR in support of its sixth and seventh undisputed facts and a "Certification of Supervision" signed by Robinson in support of its eighth undisputed fact. Dkt. Nos. 200-2, 200-3. Both related to the property of Plaintiff Brenda Laforce.

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 8

citations to the record. "The movant shall affix to the statement copies of the precise portions of the record relied upon as evidence of each material fact." Dkt. No. 217 at 5 (quoting LRCi 56.1(a)). Here, VIHFA failed to affix to its statement of undisputed facts copies of the portions of the record that it relied on as evidence for most of its material facts. *Id.* at 6. It included only the Certificate of Use and Certificate of Supervision that it referenced in the sixth and eighth fact paragraphs. *Id.* Plaintiffs cited several cases where the Court denied without prejudice motions for summary judgment in part because they did not include a separate statement of material facts. *Id.* at 6-7. Additionally, Plaintiffs stated that VIHFA framed the first and second alleged undisputed fact paragraphs in the negative, which was "the very antithesis of affirmatively stated undisputed material facts." *Id.* Finally, VIHFA did not support the tenth alleged undisputed fact by a specific citation to the record or a copy of the precise portion of the record on which VIHFA relied. Given these failures to abide by LRCi 56.1(a), the Court should deny VIHFA's motion with prejudice. *Id.* at 8.

In its reply, VIHFA argued that the moving party may meet its initial burden of identifying the portions of the record that it believed showed the absence of a genuine issue of material fact simply by demonstrating to the Court that there was an absence of evidence to support the non-movant's case. Dkt. No. 226 at 2. Here, the record contained no evidence to support Plaintiffs' claims that VIHFA (1) made material misrepresentations to them; (2) gave warranties to Plaintiffs that the Authority later breached; and (3) entered into a contract with Plaintiffs that VIHFA breached. *Id.* at 3. In this context, VIHFA's negative framing of the first two alleged undisputed facts was appropriate. *Id.* at 1.

Next, VIHFA acknowledged that it did not affix a copy of the portion of the record it relied on for many of its alleged undisputed facts. In Paragraphs 1-5, where VIHFA cited to the FAC to show the absence of allegations against it, VIHFA did not affix a copy of the FAC and its exhibits because they had docket numbers and were part of the Court's and the parties' record. *Id.* at 4. Similarly, with regard to Paragraph 9, VIHFA did not affix a copy of Exhibit 2 to the FAC because it had a docket number. *Id.* at 5. Finally, Paragraph 10 stated that the DPNR was responsible for issuing building permits and certificates of use and occupancy. Thus, Exhibit 1, the Certificate of Use, which VIHFA filed in support of Paragraphs 6 and 7, would also support Paragraph 10, given that it was a certification by the DPNR that one of the Plaintiff's properties had been built in accordance with the Virgin Islands Building Code and was approved for use. *Id.* Given these explanations, VIHFA argued that its Statement of Undisputed Material Facts met the spirit of LRCi 56.1. *Id.* Plaintiffs did not argue that they were prejudiced in any way by these technical violations of the rule. Thus, the Court should use its discretion to overlook VIHFA's transgression of LRCi 56.1. *Id.* at 5-6.

Furthermore, Plaintiffs, in their response, failed to set forth specific facts showing that there was a genuine issue for trial. *Id.* at 8 (citing *Prentice v. Office Max N. Am.*, No. 1:09-CV-00005, 2012 U.S. Dist. LEXIS 35090, at *5 (D.V.I. March 15, 2012)). Plaintiffs produced no record evidence showing that VIHFA: (1) made material misrepresentations to them; (2) gave warranties to Plaintiffs that VIHFA later breached; and (3) entered into a contract that

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 10

VIHFA breached; causing Plaintiffs damage. *Id.* at 7. Thus, the Court should grant summary

judgment in favor of VIHFA.[10] *Id.*

## DISCUSSION

### I.     Applicable Legal Principles

To prevail on a motion for summary judgment, a movant must show that there is "no

genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is

"entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Goldenstein v. Repossessors Inc.*,

815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The moving party bears the initial burden in showing the nonexistence of a genuine issue of

material fact. *Cornett v. Hovensa, LLC*, No. 1:07-CV-00025, 2012 WL 2865887, at *1 (D.V.I.

July 12, 2012). The movant may meet this burden by "pointing to an absence of evidence

supporting an essential element as to which the non-moving party will bear the burden of

proof at trial." *Id.* However, "a conclusory assertion that the nonmoving party

has no evidence is insufficient." *Butts v. Sw. Energy Prod. Co.*, No. 3:12-CV-1330, 2014 WL

3953155, at *1-2 (M.D. Pa. Aug. 12, 2014) (quoting *Celotex Corp.*, 477 U.S. at 331-32

(Brennan, J., dissenting)). "[A] party who moves for summary judgment on the ground that

the nonmoving party has no evidence must affirmatively show the absence of evidence in the

record." *Id.* (quoting *Celotex Corp.*, 477 U.S. at 331-32 (Brennan, J., dissenting)).

---

[10] Additionally, VIHFA noted that Plaintiffs did not dispute or in any way respond to any of its material facts in accordance with LRCi 56.1(b). Thus, the Court should deem the facts as undisputed. Dkt. No. 226 at 8.

If the moving party meets its burden, the burden shifts to the nonmoving party to go beyond the pleadings and "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Stiegel v. Peters Twp.*, 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017). In reviewing a summary judgment motion, the court must view all facts "in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor," *Curto v. A Country Place Condominium Ass'n., Inc.*, 921 F.3d 405, 409 (3d Cir. 2019) (internal quotation marks omitted). The non-moving party cannot "rely merely upon bare assertions, conclusory allegations, or suspicions" to avoid summary judgment. *See Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

Additionally, the Local Rules establish the procedure in this district for setting out facts in support of a motion for summary judgment:

> (a) Documents Filed by Movant. In addition to the documents authorized by LRCi 7.1, a party moving for summary judgment shall file a separate statement of the material facts about which the movant contends there is no genuine issue. Each fact paragraph shall be serially numbered and shall be supported by specific citation to the record. The movant shall affix to the statement copies of the precise portions of the record relied upon as evidence of each material fact.

> (b) Documents Filed by Respondent. Any party adverse to a motion filed under this rule may file, in addition to the documents authorized by LRCi 7.1, a response to the movant's statement of material facts about which the movant contends there is no genuine issue. The respondent must address the facts upon which the movant has relied pursuant to subsection (a), using the corresponding serial numbering and either: (i) agree that the fact is undisputed; (ii) agree that the fact

is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) state that the fact is disputed. If the fact is disputed the respondent shall affix to the response copies of, and cite to, the precise portions of the record relied upon as evidence of each disputed material fact. In addition, the respondent may file a concise statement of any additional facts, serially numbered, that the respondent contends are material to the motion for summary judgment and as to which the respondent contends there exists a genuine issue to be tried.

. . . .

(d) Effect of Failure to Respond. Failure to respond to a movant's statement of material facts, or a respondent's statement of additional facts, as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment.

LRCi 56.1.

## II.    Application

As a preliminary matter, the Court will address both parties' assertions that the other failed to comply with the Local Rules. First, Plaintiffs asserted that VIHFA did not comply with LRCi 56.1(a) by failing to cite to the record for their tenth undisputed fact and failing to affix copies of the precise portions of the record it relied upon as evidence for all of its material facts except for the sixth and eighth.[11] Dkt. No. 217 at 6. The Court has discretion to overlook a failure to comply with the Local Rules. *See Watson v. LPP Mortg., Ltd.*, No. 1:16-CV-00078, 2019 WL 123878, at *1 n.2 (D.V.I. Jan. 7, 2019) (overlooking a party's noncompliance with LRCi 56.1 when it failed to file a statement of material facts as to which there was no genuine issue).

---

[11] The Court notes that VIHFA referenced Exhibit 1 as supporting its seventh undisputed fact. Dkt. No. 200-1 at 2.

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 13

Here, the Court agrees with VIHFA that these are merely technical violations that would not warrant the Court denying its motion. For the first through fifth facts, as well as the ninth, VIHFA provided the docket numbers for the portions of the record on which it relied. Dkt. No. 200-1. While VIHFA did not provide a citation for its tenth fact, it later clarified in its reply that Exhibit 1 of its statement of undisputed facts would support this fact. The Court also notes that VIHFA properly supported its sixth, seventh, and eight material facts with copies of precise portions of the record, which VIHFA affixed to its statement of undisputed facts as exhibits. *Id*. Therefore, given that VIHFA supported all of its undisputed facts by either exhibits or citations to the docket and given that Plaintiffs did not assert any way in which they were prejudiced by the technical violation of LRCi 56.1(a), the Court will overlook VIHFA's failure to affix portions of the record for some of its undisputed facts. *See United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000) ("a district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment.").

VIHFA argued that Plaintiffs failed to comply with the requirements of LRCi 56.1(b) in their response to the motion for summary judgment, and thus, the Court should deem all of VIHFA's asserted material facts to be undisputed. Dkt. No. 226 at 7-8. As indicated above, LRCi 56.1(b) allows a party adverse to a motion for summary judgment to file a response to the movant's statement of material facts, stating whether the party agrees that each fact is undisputed, either generally or for the purposes of the motion, or whether the fact is

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 14

disputed. LRCi 56.1(d) provides that if a party does not respond to the movant's statement of material facts, the Court may hold that the asserted facts are not disputed for the purposes of summary judgment. Here, Plaintiffs did not respond to each of VIHFA's alleged undisputed material facts by stating whether they believed each fact was undisputed or not. Thus, because Plaintiffs did not file a counterstatement of material facts, pursuant to LRCi 56.1(d), the Court will deem all of the facts VIHFA alleged in its Statement of Material Facts, Dkt. No. 200-1, as undisputed.[12] *Smith v. Virgin Islands Port Auth.*, No. 02-CV-227, 2010 WL 1381222, at *1 n.2 (D.V.I. Mar. 31, 2010) (deeming facts identified by defendants as undisputed under LRCi 56.1(d) because the plaintiff did not submit a counterstatement of material facts as required by LRCi 56.1(b)). Having deemed VIHFA's statement of material facts as undisputed, the Court will now address whether summary judgment on each of Plaintiffs' claims is appropriate.

### A.    Count I: Unlawful Misrepresentation

"A plaintiff stating a claim for unlawful misrepresentation must allege (1) there was a false representation of a material fact; (2) made by the defendant with the intention that the statement should be acted upon by the plaintiff; (3) the plaintiff's reliance upon the statement; and (4) damages." *Haase v. Gov't of the Virgin Islands*, No. 1:02-CV-00110, 2008

---

[12] The Court's determination that summary judgment is appropriate for VIHFA is based entirely on the lack of evidence on the record to support any of Plaintiffs' claims against it. Therefore, whether or not the Court deemed VIHFA's material facts as undisputed, the outcome would be the same—that summary judgment is appropriate on all claims as to VIHFA.

WL 939024, at *1 (D.V.I. Apr. 4, 2008). "'The tort of negligent misrepresentation requires an

*express* representation which is false or misleading at the time it is made.'" *Id*. (quoting *L.E.B.*

*Enterprises, Inc. v. Barclays Bank, P.L.C.*, 1995 WL 789097, at *3 (V.I. Terr. Ct. 1995)).

Additionally, a plaintiff must state specifically what the alleged negligent representation was

that a defendant made. *See Floyd v. Brown & Williamson Tobacco Corp.*, 159 F. Supp. 2d 823,

834 (E.D. Pa. 2001) (dismissing negligent misrepresentation claim without prejudice in part

because the complaint contained "no allegations whatsoever concerning specific negligent

misrepresentations"). Here, the FAC alleged that VIHFA and Robinson made material

misrepresentations to Plaintiffs, and they reasonably relied on the misrepresentations

because they "could have chosen other houses or contractors but for Defendants'

representations." Dkt. No. 52 at 8. Additionally, VIHFA and Robinson had reason to know that

Plaintiffs would rely on the representations and were aware of information that was counter

to them, but failed to disclose the information, resulting in injury to the Plaintiffs. *Id*.

The Court concludes that VIHFA met its initial burden in showing the nonexistence of

a genuine issue of material fact by pointing to an absence of evidence supporting an essential

element as to which Plaintiffs would bear the burden of proof at trial.[13] *Cornett*, 2012 WL

2865887, at *1. As VIHFA stated, Plaintiffs never identified in the FAC or subsequently what

the misrepresentations were in Count I that VIHFA allegedly made. Dkt. No. 200 at 7. In the

---

[13] In addressing VIHFA's motion, the Court notes that because the parties conducted no discovery in this matter, the Court must make its determination on whether to grant summary judgment based only on the allegations in the FAC and the lack of evidence in the record.

body of the FAC, Plaintiffs stated that VIHFA referred them to Robinson and Santa Cruz Construction and represented that they would build Plaintiffs a quality home. *Id.* at 6. The Court notes that this is the only alleged statement by VIHFA in the body of the FAC that could even remotely qualify as an unlawful misrepresentation.[14] However, the parties did not conduct any discovery outside of initial disclosures and the record is devoid of any evidence that would demonstrate that VIHFA made this statement, or that the statement was a false representation that VIHFA intended Plaintiffs to act on and that the Plaintiffs relied on. *See Wright v. Experian Info. Sols. Inc.*, No. 15-CV-115-GMS, 2016 WL 6634864, at *2-3 (D. Del. Nov. 7, 2016) (holding that summary judgment was appropriate because the plaintiff had failed to engage in discovery, and thus could not establish any essential facts of his claims).

The Court determines that there is also no evidence on the record to suggest that VIHFA made any other representations to Plaintiffs relating to the construction of their homes. As VIHFA asserts, there is no evidence that VIHFA sold Plaintiffs the properties at issue, issued the permits authorizing construction of the homes, or constructed the homes. Dkt. No. 200 at 7. Additionally, there is no evidence that VIHFA submitted the certificates of supervision certifying that all applicable laws were complied with in the construction of

---

[14] Plaintiffs also claimed that VIHFA knew or should have known about the problems in the soil at Estate St. George that resulted in the damages to the homes, but it failed to disclose the risk of building homes in St. George with Robinson as the contractor, failed to observe the "substandard construction" by Robinson, and failed to properly inspect the properties before authorizing payments to Robinson. Dkt. No. 200 at 6. However, these asserted failures by VIHFA could not constitute misrepresentations, because they were not false or misleading "express representations" made to Plaintiffs. *L.E.B. Enterprises, Inc.*, 1995 WL 789097, at *3.

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 17

Plaintiffs' homes and that the construction was done in accordance with the Building Permits. *Id.* Finally, there is no evidence that VIHFA issued Certificates of Use or Occupancy that the homes were safe to inhabit.[15] *Id.* Thus, there is simply no evidence on the record to support the claim that VIHFA made some unidentified material misrepresentations to the Plaintiffs with the intention that the Plaintiffs act on them, and that Plaintiffs relied on those misrepresentations, causing them damages.

Given that VIHFA met its initial burden, the burden shifts to Plaintiffs to go beyond the pleadings and "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Stiegel*, 600 F. App'x. at 63 (quoting *Matsushita,* 475 U.S. at 587). Plaintiffs, in their response, did not put forth specific facts to support their misrepresentation claim, failing to respond in any way to VIHFA's arguments in support of summary judgment. Dkt. No. 217.

---

[15] VIHFA requested that the Court take judicial notice that it was the responsibility of the DPNR to issue building permits and certificates of use and/or occupancy and that the DPNR "enforces and regulates local and national building codes and regulations." Dkt. No 200 at 7-8. The Court may "take judicial notice of a fact that is 'not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Haynes v. Ottley*, No. 14-cv-70, 2014 WL 5469308, at *6 n.4 (D.V.I. Oct. 28, 2014) (quoting Fed. R. Evid. 201(b)). The responsibility of the DPNR to issue building permits and certificates of use and occupancy along with its responsibility to enforce and regulate local and national building codes and regulations are precisely the types of facts of which the Court may, and hereby will, take judicial notice.

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 18

Thus, Plaintiffs did not meet their burden, and summary judgment is appropriate for VIHFA on their misrepresentation claim.[16]

### B.    Count II: Breach of Express and Implied Warranties

"To state a claim for breach of an express warranty generally, a plaintiff must allege the following: '(1) plaintiff and defendant entered into a contract; (2) containing an express warranty by the defendant with respect to a material fact; (3) which warranty was part of the basis of the bargain; and (4) the express warranty was breached by defendant.'" *Matos v. Nextran, Inc.*, No. 08-cv-65, 2009 WL 2477516, at *2 (D.V.I. Aug. 10, 2009) (quoting *Beachside Assocs., LLC v. Okemo, LLC*, No. 06-cv-233, 2008 U.S. Dist. LEXIS 105019, at *5, (D.V.I. Dec. 31, 2008)). Here, Plaintiffs merely alleged that "Defendants are in breach of their expressed and implied warranties to Plaintiffs." Dkt. No. 52 at 8.

The Court determines that VIHFA met its initial burden by pointing to an absence of evidence supporting an essential element of an express warranty as to which Plaintiffs would bear the burden of proof at trial. *Cornett*, 2012 WL 2865887, at *1. As VIHFA argued in its motion, Plaintiffs did not claim in the FAC that they entered into contracts with VIHFA and there is no evidence on the record that such contracts exist.[17] Dkt. No. 200 at 9. Thus, the

---

[16] Given that the Court is granting summary judgment on the misrepresentation claim based on the absence of evidence in support of the essential elements of the claim, the Court need not address VIHFA's assertion that the statute of limitations would bar that claim. Dkt. No. 200 at 5-8.

[17] In fact, the Court notes that the FAC asserts that Plaintiffs entered into construction contracts with Robinson and Santa Cruz Construction which stated that the contractor was responsible for all work and included a builder's warranty. Dkt. No. 52 at 5.

burden shifts to Plaintiffs to put forth specific facts showing that there is a genuine issue for trial. *Stiegel*, 600 F. App'x. at 63. Plaintiffs, in their response, failed to proffer any evidence in support of the existence of a contract with VIHFA and did not dispute any of VIHFA's arguments in support of summary judgment on this claim. Dkt. No. 217. Thus, summary judgment for VIHFA is appropriate on Plaintiffs' express warranty claim.

The Virgin Islands recognizes multiple implied warranties that "arise by operation of law." *Vanderwall v. Marriott Ownership Resorts (St. Thomas), Inc.*, No. 12-cv-84, 2013 WL 4482454, at *13 (D.V.I. Aug. 20, 2013). These include the implied warranty of fitness for a particular purpose and the implied warranty of merchantability, which apply to the sale of goods; the implied warranty of good workmanship, which applies to cases involving construction or repair; and the implied warranty of habitability, which applies to leased property. *Id.* Plaintiffs, in the FAC, did not state which implied warranty they believed that VIHFA breached. However, given that this matter does not involve the sale of goods or leased premises, the only possible warranty at issue is that of good workmanship. *See Livingston v. Berger*, No. 1:19-CV-00012, 2020 WL 9072852, at *3 (D.V.I. Mar. 23, 2020) (holding that while the third-party plaintiff failed to specify which implied warranty it believed the third-party defendant had breached, the third-party plaintiff's "allegations do not involve the sale of goods or leased premises. By process of elimination, the only possible warranty at issue is that of good workmanship.")

When asserting a claim of breach of implied warranty of good workmanship, a plaintiff must show:

(1) the existence of the implied warranty (determined by showing the defendant sold repair or construction services to the plaintiff or for the benefit of the plaintiff); (2) breach of the implied warranty (shown by(sic) the services were not carried out in a manner reasonable given the circumstances of the project and consistent with a workman of average skill and experience in their field); and (3) damages to the plaintiff.

*Bluewater Constr., Inc.*, 76 V.I. at 37.

VIHFA met its initial burden by pointing to an absence of evidence supporting an essential element of an implied warranty of good workmanship as to which Plaintiffs would bear the burden of proof at trial. *Cornett*, 2012 WL 2865887, at *1. As VIHFA argues, Plaintiffs have not claimed and there is no evidence on the record that VIHFA constructed the Plaintiffs' homes or that VIHFA sold any repair or construction services to them or for their benefit. Dkt. No. 200 at 10. Thus, the burden shifts to Plaintiffs to put forth specific facts showing that there is a genuine issue for trial. *Stiegel*, 600 F. App'x. at 63. Plaintiffs, in their response, failed to put forth any evidence that VIHFA sold any repair or construction services to them or for their benefit and did not dispute any of VIHFA's arguments in support of summary judgment on this claim. Dkt. No. 217. Thus, summary judgment for VIHFA is appropriate on Plaintiffs' implied warranty claim.

### C.    Count III: Breach of Contract

To succeed on a breach of contract claim, a plaintiff must assert that there is "'(1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 621 (2017). Here, Plaintiffs merely claimed in the FAC that "Defendants breached their contract with Plaintiffs." Dkt. No. 52 at 9.

*Honore v. VIHFA et al.*
1:16-cv-00055-EAH
Memorandum Opinion
Page 21

The Court determines that VIHFA met its initial burden by pointing to an absence of evidence supporting an essential element of the breach of contract claim as to which Plaintiffs would bear the burden of proof at trial. *Cornett*, 2012 WL 2865887, at *1. As VIHFA stated in its motion, Plaintiffs did not claim in the FAC that they entered into contracts with VIHFA, and there is no evidence on the record that such contracts exist. Dkt. No. 200 at 9. Thus, the burden shifts to Plaintiffs to put forth specific facts showing that there is a genuine issue for trial. *Stiegel*, 600 F. App'x. at 63. Plaintiffs, in their response, failed to put forth any evidence in support of the existence of contracts with VIHFA and did not dispute any of VIHFA's arguments in support of summary judgment on this claim. Dkt. No. 217. Thus, summary judgment for VIHFA is appropriate on Plaintiffs' breach of contract claim.

## CONCLUSION

For the reasons discussed above, the Court will grant VIHFA's "Motion for Summary Judgment on Counts I, II and III of the First Amended Complaint." Dkt. No. 200. An appropriate Order accompanies this Memorandum Opinion.

ENTER:

Dated: September 13, 2024                    /s/ Emile A. Henderson III
                                             EMILE A. HENDERSON III
                                             U.S. MAGISTRATE JUDGE