**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **TEMARA HONORE, MELLANE MOTTLEY, BRENDA LAFORCE, SADE SOUTHWELL, ALICIA SUPERSAUDE, SHARON HENRY, SONIA STRAUN, JANICE DANIEL, MARIAM SARGUSINGH, KERMISHA SARGUSINGH, DOLORES BESS, and CHAVORN CAMACHO,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE a/k/a USDA, RURAL DEVELOPMENT, VIRGIN ISLANDS HOUSING FINANCE AUTHORITY, EARL G. ROBINSON, and SANTA CRUZ CONSTRUCTION,**<br><br>Defendants.<br>_____ | 1:16-cv-00055-WAL-EAH |

**PARTIES:**   Martial A. Webster, Esq.
  *On behalf of Plaintiffs*
  Flavia E. Logie, Esq.
  Nycole Thompson, Esq.
  *On behalf of VI Housing Finance Authority*
  Atiim Abraham, Esq.
  *On behalf of Defendants Robinson and Santa Cruz Construction*

**MEMORANDUM OPINION**

**THIS MATTER** comes before the Court *sua sponte*, based on the requirement under Federal Rule of Civil Procedure 12(h)(3) that a federal court dismiss any action over which it lacks subject-matter jurisdiction.[1] *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d

---

[1] The undersigned issues this Opinion pursuant to the parties' Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, Dkt. No. 167, and the Order Referring the Case to a Magistrate Judge, entered by District Judge Wilma A. Lewis. Dkt. No. 169.

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 2

Cir. 2003) ("because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."). The Court now finds that it lacks jurisdiction to preside over this matter; consequently, this case must be dismissed without prejudice. *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) (when a case is dismissed for lack of subject-matter jurisdiction, the dismissal should be without prejudice because it is not an adjudication on the merits).

## BACKGROUND

In August 2016, twelve residents of St. Croix ("Plaintiffs") sued the United States Department of Agriculture ("USDA"), the Virgin Islands Housing Finance Authority ("VIHFA"), Santa Cruz Construction, and Earl G. Robinson, the owner of Santa Cruz Construction. The Plaintiffs amended their Complaint, with leave of the Court, in April 2020. Dkt. No. 52. The Court has described the allegations as follows:

> Defendants Robinson and Santa Cruz Construction entered into construction contracts with Plaintiffs, *id.* at ¶ 31, but Plaintiffs claim that Robinson and Santa Cruz Construction ultimately "failed to build and construct safe and structurally viable homes for the Plaintiffs based on the adverse characteristics of the soil in Estate St. Georges," *id*. at ¶ 34. Plaintiffs assert that they "immediately" began to experience various structural issues with their homes once the construction was completed, including, without limitation: leaking roofs; improperly levelled ground; and cracked ceilings, walls, floors, and cisterns. *Id*. at ¶¶ 39-46. Defendant Robinson allegedly made unsatisfactory repairs when Plaintiffs raised these issues, and some Plaintiffs have reportedly been required to hire other contractors because their homes have become uninhabitable. *Id*. at ¶¶ 45-48.

Dkt. No. 113 at 12.

Regarding this Court's jurisdiction, Plaintiffs alleged:

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 3

> 1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 in that it arises under the Constitution, laws or treaties of the United States.
> 2. Under 28 U.S.C. § 1346(a)(2), the United States District Court possesses concurrent jurisdiction with the United States Court of Federal Claims to entertain contract claims against the United States and its agencies not exceeding $10,000.00.

Dkt. No. 52 at ¶¶ 1-2. However, the allegation of federal question jurisdiction was applicable only as to USDA, against which Plaintiffs asserted a breach of contract and breach of warranty claim under 28 U.S.C. § 1346(a)(2). All the other claims were based in territorial contract or tort law.[2] The Amended Complaint made no allegations regarding the Court's jurisdiction to hear the claims against Defendants VIHFA, Santa Cruz Construction, or Earl G. Robinson.

In September 2022, the District Judge determined that the Court lacked subject-matter jurisdiction to hear the claims against USDA. Dkt. No. 113 at 12 ("Plaintiffs have failed to establish that the Government has waived its sovereign immunity so as to provide this Court with subject matter jurisdiction over Plaintiffs' breach of warranty and contract claims against Defendant USDA."). The District Judge therefore granted USDA's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[3] *Id*.

---

[2] Plaintiff's First Amended Complaint alleged that all Defendants "are in breach of their expressed and implied warranties to Plaintiffs," Dkt. No. 52 ¶ 56, and "breached their contract with Plaintiffs," *id*. ¶ 59. The Complaint further alleged that Defendant Robinson "engaged in fraud," *id*. ¶ 62, and that Defendants VIHFA and Robinson, "made material misrepresentations to the Plaintiffs," *id*. ¶ 50,

[3] Defendants Santa Cruz Construction and Robinson filed a motion to dismiss pursuant to Rule 12(b)(1) early in the case, Dkt. No. 10, but that motion was denied as moot after

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 4

The Court then entered a Scheduling Order for the remaining parties, closing fact discovery on December 1, 2023, and setting a deadline of July 5, 2024, for dispositive motions, including *Daubert* motions. Dkt. No. 141.

In January 2024, Defendants Robinson and Santa Cruz Construction filed a motion for summary judgment. Dkt. No. 155. The Court denied the motion, concluding that "Defendants have failed to meet their initial burden of production as the moving party to show that there is no genuine dispute as to any material fact." Dkt. No. 170 at 9. In June and July 2024, the same Defendants moved for summary judgment against several of the Plaintiffs individually, without leave of the Court to file successive summary judgment motions. Dkt. Nos. 185, 186, 192, 193, 194, 197. The Court denied each motion. Dkt. Nos. 187, 188, 204, 205, 206, 207.

On July 5, 2024, Defendant VIHFA filed a motion for summary judgment on all claims filed against it. Dkt. No. 200. The Court held that as to each claim, VIHFA "met its initial burden by pointing to an absence of evidence supporting" Plaintiffs' claims, and that Plaintiffs "failed to put forth any evidence" in rebuttal showing a genuine issue for trial. Dkt. No. 227 at 16-17, 20, 21. Therefore, the Court issued an Order directing "that summary judgment [be] entered in favor of Defendant VIHFA on all claims in the First Amended Complaint." Dkt. No. 228. Following that Order, only Plaintiffs, Defendant Robinson, and Defendant Santa Cruz Construction remained as parties to this case.

---

Plaintiffs obtained leave to file an amended complaint. The motion, filed while USDA was still a party to the case, did not consider the Court's supplemental subject-matter jurisdiction. *Id*. at 4-5.

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 5

While the summary judgment motions were pending, Defendants Robinson and Santa Cruz Construction filed motions seeking to strike Plaintiffs' expert witness and expert report. Dkt Nos. 184, 189.[4] The Court scheduled a *Daubert* hearing on those motions. Dkt. No. 215. However, on September 18, 2024, the Court issued an Order cancelling the *Daubert* hearing and directing the parties to "simultaneously brief the issue of whether this Court retains subject-matter jurisdiction over the remaining claims after the dismissal of Defendant USDA." Dkt. No. 231. Recognizing that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 514 (2006), the Court concluded it needed to address how dismissal of USDA pursuant to Rule 12(b)(1) impacted its jurisdiction over the Plaintiffs' supplemental territorial claims. *Id*.

In their brief, Plaintiffs argue that the "presumption that a district court will relinquish federal jurisdiction over any supplemental state law claims is rebuttable." Dkt. No. 233 at 2. They contend that there is no "mandatory rule [to dismiss supplemental claims] to be applied inflexibly in all cases." *Id*. at 3 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). They then direct the Court's attention to several cases detailing the Court's discretion to retain supplemental state-law claims after dismissing all federal claims. *Id*. at 3-5 (citing *Redondo Const. Corp. v. Izquierdo*, 662 F.3d 42 (1st Cir. 2011); *RWJ Mgmt. Co. v. BP*

---

[4] Before summary judgment was entered in their favor, VIHFA also filed a motion to exclude Plaintiffs' expert witness and expert report. Dkt. No. 202. Because VIHFA is no longer a party to this case, that motion will be denied as moot.

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 6

*Prods. N. Am.*, 672 F.3d 476, 579 (7th Cir. 2012); *Cohill*, 484 U.S. at 350 n.7)). These cases instruct district courts to carefully consider whether the exercise of supplemental jurisdiction is appropriate, rather than instantaneously dismissing local claims after dismissing all federal claims. *Id*. While acknowledging a strong presumption in favor of dismissal of supplemental claims once the federal claims are dismissed, Plaintiffs then argue that the judicial resources spent on this case strongly suggests that the Court should retain jurisdiction. *Id*. at 6 (noting "the matter has been at the District Court for over eight years" and "[d]iscovery has been completed.") Finally, Plaintiffs urge the Court to utilize its discretion to retain jurisdiction because "[t]here is no legal venue for the remaining local tort and contract claims to be transferred to." *Id*. at 7. Plaintiffs calculate that the Virgin Islands statutes of limitations barred their territorial contract claims seven years ago and their tort claims three years ago. *Id*.

Defendants' brief first surveys the history of the jurisdiction of the District Court of the Virgin Islands and argues that the Court no longer has original jurisdiction over purely local civil matters. Dkt. No. 232 at 1-3. Defendants then argue that, because there is no claim of admiralty, diversity, or other federal question jurisdiction, "Defendant USDA was a critical party to the proceedings insofar as to present a federal question." *Id*. at 4-5. The Defendants also treat the Court's ability to retain supplemental jurisdiction in this case as discretionary, and cite to several cases in which courts declined to exercise that discretion. *Id*. at 6. Finally, Defendants liken the present situation to one in which a plaintiff voluntarily amends his

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 7

complaint to omit a federal claim, which the Eleventh Circuit has held divests the district court of subject-matter jurisdiction over the plaintiff's remaining state law claims. *Id*. at 7-8 (citing *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241 (11th Cir. 2007)).

## DISCUSSION

### I. Applicable Legal Principles

Federal district courts "are courts of limited jurisdiction" with specifically delineated authority over only those subjects conferred on them by statute. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). "Accordingly, the district courts may not exercise jurisdiction absent a statutory basis." *Id*. (internal quotation marks omitted). Aside from exceptions for certain types of cases not relevant here, Congress granted federal courts original jurisdiction over only "two general types of cases: cases that arise under federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Id*. (internal quotation marks and alterations omitted). These are known as federal question and diversity jurisdiction, respectively. *Id*. The "supplemental jurisdiction"[5] statute also provides federal courts with the authority to hear "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," even if they arise under state or territorial-law. 28 U.S.C. § 1367(a).

---

[5] Courts were empowered with supplemental jurisdiction at common law, but it was known as 'pendent' jurisdiction. Even after § 1367 was enacted, some courts continue to use the terms 'pendent' and 'supplemental' interchangeably.

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 8

When dismissal of the claims giving rise to federal question jurisdiction is non-jurisdictional, such as for failure to state a claim, courts may exercise their discretion to retain jurisdiction over supplemental claims. *Arbaugh*, 546 U.S. at 514 (after dismissing federal claims "the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."). In those cases,

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In order to invoke supplemental jurisdiction in the first instance, the supplemental claims must be related to claims that arose "within [a court's] original jurisdiction." 28 U.S.C. 1367(a). However, if a court *never* possessed subject-matter jurisdiction over the federal claim, then that claim did not arise within the court's original jurisdiction; therefore, any remaining local claims would not have the jurisdictional hook necessary to permit supplemental jurisdiction. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("Dismissal on jurisdictional grounds means that the court was without original jurisdiction and had no authority to do anything other than to determine its jurisdiction"); *see also Ziegler v. Anesthesia Assocs. of Lancaster, Ltd.,* No. 00-cv-4803, 2002

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 9

WL 387174 at *6 (E.D. Pa. Mar. 12, 2002), *aff'd*, 74 F. App'x 197 (3d Cir. 2003) ("When a court lacks jurisdiction over any federal claim, there is no basis for an exercise of supplemental jurisdiction over a related state law claim."). Put simply, "when a district court correctly dismisses all federal claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the district court is thereby precluded from exercising supplemental jurisdiction over related state-law claims." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017).

The Third Circuit has not addressed a case where dismissal of state-law claims was mandatory based on lack of original jurisdiction after the jurisdictional dismissal of a federal claim. However, every circuit that has addressed the issue has precluded supplemental jurisdiction in such cases. *See, e.g., Herman Family*, 254 F.3d at 806 ("Several of our sister circuits have squarely addressed the issue . . . and all concur that where there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under § 1367") (citing cases from the Federal Circuit, D.C. Circuit, Second Circuit, and Sixth Circuit); *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999) ("The federal courts of appeals, however, have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims") (citing cases from the First, Fifth, Sixth, and Ninth Circuits). The Seventh Circuit, in *Rivera v. Allstate Insurance Co.*, 913 F.3d 603, 617-18 (7th Cir. 2018), has since concurred. *Dictum* from the Fourth Circuit also supports the proposition. *Crosby v. City of Gastonia*, 635 F.3d 634, 644 (4th Cir. 2011) ("Had

the federal claims in this matter truly been susceptible to dismissal solely for lack of subject matter jurisdiction, as the district court supposed, its discretionary exercise of supplemental jurisdiction over the state-law claims would have been problematic") (citing *Arbaugh,* 546 U.S. at 514).

The unanimity among the courts of appeal is buttressed by Supreme Court *dictum* stating, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514 (contrasting treatment of state-law claims when federal claims are dismissed for want of jurisdiction and when federal claims are dismissed for failure to state a claim) (citing J. Moore et al., 16 Moore's Federal Practice – Civil § 106.66[1] (3d ed. 2005)); *see also* J. Moore et al., 15A Moore's Federal Practice – Civil § 106.66[1] (2024) ("if the federal claim was dismissed for lack of subject matter jurisdiction, the district court has no discretion to retain the supplemental claims for adjudication. The dismissal means that there never was a valid claim within the court's original jurisdiction to which the state claims may be supplemented.")).

**II. Application**

In September 2022, the District Judge determined that USDA possessed sovereign immunity, shielding it from Plaintiffs' claims. "Because sovereign immunity is jurisdictional in nature, [*FDIC v.*] *Meyer*, 510 U.S. [471,] 475 [(1994)], the terms of the government's consent to be sued in any court define that court's jurisdiction to entertain the suit." *Bah v. United States*, 91 F.4th 116, 120 (3d Cir. 2024) (internal quotation marks omitted). The

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 11

District Judge ruled that the court lacked subject-matter jurisdiction to entertain this case against USDA. *See* Dkt. No. 113 at 5, 12, 14 (reiterating that the claims against USDA were being dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1)).

However, it was the federal court's jurisdiction to hear the case against USDA that tethered Plaintiffs' local claims to the District Court of the Virgin Islands through its supplemental jurisdiction.[6] Thus, when the Court determined that it lacked jurisdiction over the federal claims upon which the territorial claims hung, it simultaneously became precluded from exercising supplemental jurisdiction over those local claims. *See, e.g., Ziegler*, 2002 WL 387174 at *6 ("When a court lacks jurisdiction over any federal claim, there is no basis for an exercise of supplemental jurisdiction over a related state law claim.").

In their briefs, neither party appears to fully appreciate the Court's lack of discretion in deciding this issue. The cases Plaintiffs cite suggesting the Court has discretion to retain jurisdiction over the territorial-law claims involve dismissals of federal claims for reasons other than lack of subject-matter jurisdiction.[7] *See* Dkt. No. 233 at 3-5 (citing *Redondo*, 662

---

[6] All parties, and the Court, agree that the remaining claims, if they can be heard at all, can only be heard pursuant to the Court's supplemental jurisdiction. Dkt. No. 233 at 2-5; Dkt. No. 232 at 5-8. The parties are not diverse and none of the remaining claims raise federal questions.

[7] The Third Circuit, however, encourages dismissal of supplemental state law claims even after a non-jurisdictional dismissal of all federal claims. *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so") (emphasis in original) (internal quotation marks omitted)).

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 12

F.3d at 48 (federal question claim was rejected on the merits); *RWJ*, 672 F.3d at 478 (federal claims were voluntarily withdrawn by plaintiff); *Cohill*, 484 U.S. at 346 (same)). Plaintiffs' brief provides no support for its position that a district court may retain jurisdiction over territorial-law claims after a *jurisdictional* dismissal of the federal claims.

The cases cited in both briefs are inapposite because the Court here lacked original jurisdiction over Plaintiffs' federal claims. *See Herman Family*, 254 F.3d at 805; Dkt. No. 113. The "obvious construction of the supplemental jurisdiction statute" permits supplemental jurisdiction only when district courts "have original jurisdiction" over a claim to which local claims can be supplemented. *Herman Family*, 254 F.3d at 805. The Court has no discretion to exercise jurisdiction in this circumstance. Accordingly, because the claim against USDA was dismissed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction, the Court must also dismiss Plaintiff's territorial claims for want of jurisdiction.

The Court will, however, briefly address Plaintiffs' argument that dismissing the action would leave "no legal venue for the remaining local tort and contract claims to be transferred to." Dkt. No. 233 at 7. This contention is inaccurate. "Congress foresaw the precise problem plaintiffs raise . . . and prescribed a cure." *Hedges*, 204 F.3d at 123. Section 1367(d) states:

> The period of limitations for any claim asserted under subsection [1367](a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

*Honore. v. USDA*
1:16-cv-00055-WAL-EAH
Memorandum Opinion
Page 13

28 U.S.C. 1367(d). Thus, Plaintiffs may pursue their local claims in the Superior Court of the Virgin Islands as long as they file a complaint within 30 days of the date of this Opinion and accompanying Judgment and Order. *See, e.g., Hedges*, 204 F.3d at 123-24.

## CONCLUSION

The Court lacked subject-matter jurisdiction to hear the sole federal claim raised in this case. Therefore, the Court is without jurisdiction to consider Plaintiffs' remaining territorial-law claims because no claim existed with original jurisdiction upon which supplemental jurisdiction could be premised. Accordingly, and for the reasons stated above, the Court will dismiss Plaintiffs' First Amended Complaint, Dkt. No. 52, without prejudice, and close this case. The case being closed, the Court will also deny the Defendants' motions to strike Plaintiffs' expert and expert report as moot. Dkt. Nos. 184, 189.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

ENTER:

Dated: October 30, 2024

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE